UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

MARK GERALD DOLE and CHARLYNN
ANN DOLE,

        Debtors.

Case No. 00-09973-swd
Chapter 7
Hon. Scott W. Dales

_____/

CHARLYNN ANN DOLE,

        Plaintiff,

        v.

FIRST ONE LENDING CORPORATION,
its successors and/or assigns,

        Defendant.

Adv. Pro. No. 23-80022

_____/

## MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

Plaintiff Charlynn Ann Dole (the "Plaintiff") filed a complaint initiating this adversary proceeding on March 30, 2023. The caption of the complaint names a single defendant -- First One Lending Corporation ("First One") and "its successors and/or assigns." On May 5, 2023, the Plaintiff filed a certificate of service (ECF No. 5) evidencing service of the summons and complaint on Mortgage Electronic Registration Systems, Inc. ("MERS"). The complaint's caption, however, does not identify MERS as a named defendant, except perhaps inferentially under the "successors and assigns" catchall. Nevertheless, the Plaintiff's prayer for relief suggests that MERS, rather than First One, is the real party in interest.

Neither First One nor MERS answered or otherwise appeared in the proceeding, and as the Clerk was preparing to enter default, the court became concerned about whether the complaint properly identified the defendant, and whether the defendant or defendants received proper notice. Proper service of a summons and complaint, after all, is generally how a court obtains personal jurisdiction over a defendant. Accordingly, the court held a hearing, by telephone, on May 31, 2023, at which the Plaintiff appeared through counsel.

At the hearing, the court asked counsel to address the seeming inconsistencies between naming First One as defendant, but serving the summons and complaint on MERS. Counsel stated that an independent search revealed MERS as the appropriate "successor or assign" to the mortgage originally in favor of First One, and is the only entity that needs to be served in this matter.

Even taking this as true, the court is not convinced that MERS received proper or meaningful notice of the adversary proceeding, given the omission of that entity from the caption. It is not unreasonable to assume, based on common practice, that a complaint that takes aim at a particular entity would conspicuously and specifically name that entity in the caption.[1] Moreover, and as a practical matter, a corporate "registered agent" for service of process such as The Corporation Trust Company listed on the certificate of service, who represents hundreds of thousands of entities, might be forgiven for not forwarding a summons and complaint to an entity omitted from the caption. Broadly including "its successors and/or assigns" after a named defendant is insufficient to notify unnamed defendants of the claims for relief.

At the conclusion of the hearing, counsel agreed to amend the complaint to address the

---

[1] A summons "*must* be directed to the defendant." Fed. R. Civ. P. 4(a)(B) (emphasis added); *cf. Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

court's concerns about notice.[2]

The Plaintiff faces another challenge as well -- the deadline for effecting service.  If a plaintiff fails to effect service on a defendant within 90 days after filing a complaint, the court may dismiss the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[3]  Here, the service deadline is June 28, 2023.  For good cause, however, the court may extend the time for service.  Fed. R. Civ. P. 4(m); *see Silver v. Giles*, No. 1:07-CV-103, 2008 WL 227852, at *2 (W.D. Mich. Jan. 25, 2008) (citing *dicta* in *Henderson v. United States*, 517 U.S. 654, 662 (1996) for the proposition that Rule 4 gives courts discretion to enlarge the deadline even without a showing of good cause).

The Plaintiff did not omit MERS from the caption for strategic reasons, such as to secure an easy default or with some other improper motive.  In fact, at the hearing, counsel earnestly argued that the "successors and/or assigns" clause in the caption necessarily included MERS as a named defendant.  While the court disagrees that it may rely on the descriptive phrase as providing meaningful notice to MERS, it plainly appears that Plaintiff is attempting to serve MERS (the party she believes to be appropriate) within the time limits set forth by the rules, and is not playing games with her pleading.  Finding good cause, and applying the rules flexibly, the court will extend the service deadline to July 28, 2023.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Plaintiff may amend the complaint to address the court's concerns, provided she files the amendment within 14 days after entry of this Memorandum of Decision and Order.

IT IS FURTHER ORDERED that the deadline for Plaintiff to effect service on all named

---

[2] The point of today's Memorandum of Decision and Order is to afford proper notice to a creditor, or putative creditor, thereby implicating 11 U.S.C. § 342(c)(1).  The caption of any amended complaint should comply with that statute.
[3] Rule 7004 of the Federal Rules of Bankruptcy Procedure incorporates Rule 4(m) of the Federal Rules of Civil Procedure.  Fed. R. Bankr. P. 7004(a)(1).

defendants is extended to July 28, 2023, pursuant to Rule 4(m).

IT IS FURTHER ORDERED that the Clerk shall re-issue the summons or summonses upon request, so that Plaintiff may complete service of process within the time prescribed in Rule 4(m) as extended.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jeffrey C. Alandt, Esq., the United States Trustee, and all persons requesting notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 1, 2023**



Scott W. Dales
United States Bankruptcy Judge