UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

MARK GERALD DOLE and CHARLYNN ANN DOLE,

              Debtors.
_____/

CHARLYNN ANN DOLE,

              Plaintiff,

v.

MORTGAGE ELECTRONIC, SYSTEMS, INC., its successors and/or assigns,

              Defendant.
_____/

Case No. 00-09973-swd
Chapter 7
Hon. Scott W. Dales

Adv. Pro. No. 23-80022

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge

On March 30, 2023, Plaintiff Charlynn Ann Dole (the "Plaintiff") filed a complaint initiating this adversary proceeding, after the court reopened the long-closed base case to afford her that opportunity.  11 U.S.C. § 350(b); Fed. R. Civ. P. 5010.[1]

Despite some earlier missteps in effecting service and naming the real party in interest, the Plaintiff filed her Second Amended Complaint for Relief from Willful Violation of the Automatic Stay and for Declaratory Judgment (ECF No. 12, the "Complaint"), naming Mortgage Electronic

---

[1] Unless otherwise specified, the court will refer to sections of the Bankruptcy Code, Title 11, United States Code, as "§ ___."  Similarly, the court will refer to any federal rule simply as "Rule ___," relying on the numbering convention of each ruleset to identify the precise reference.

Registration Systems, Inc. ("MERS") as the Defendant.  The Complaint seeks declaratory relief in the form of (1) an order confirming that MERS no longer holds an interest in the Plaintiff's residence, and (2) damages in an unliquidated amount under § 362(k)(1) on account of the actions MERS or its predecessors took, post-petition, to correct the defects that led to the earlier avoidance of the lien.  Plaintiff contends these actions amount to a willful violation of the automatic stay.

The court finds that it has subject matter jurisdiction under 28 U.S.C. § 1334(a), and otherwise (including its inherent authority), to enforce its prior order invalidating the mortgage lien that MERS purports to own and make an award under § 362 to compensate the Plaintiff for any violation of the automatic stay. The court also finds that it may exercise personal jurisdiction over MERS because the Plaintiff properly effected service under Rule 7004(b)(3) (service by mail on appointed agent).  Notably, MERS did not answer the Complaint or otherwise appear, and the Clerk entered default under Rule 55(a).  After the Plaintiff recently moved for default judgment, the court held a hearing to consider appropriate relief on November 28, 2023, in Grand Rapids. Jeffery C. Alandt, Esq., appeared for the Plaintiff.  No other entity appeared at the hearing.

It is well settled that the court has the discretion under Rule 55(b) to enter judgment by default if a defendant does not appear or otherwise defend but is not required to do so until it is satisfied that the plaintiff is entitled to the relief she seeks.  *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) ("Even after entry of default, the decision to grant a default judgment is within the Court's discretion.") (citations omitted).

Here, Plaintiff seeks declaratory relief and damages for the Defendant's (or its predecessor's) allegedly willful violation of the automatic stay by taking steps to perfect and retain a second mortgage after the Plaintiff and her husband filed their chapter 7 petition, invoking § 362(a).  The Complaint alleges, and the record confirms, that the chapter 7 trustee in the Plaintiff's

main bankruptcy case, using his strong-arm powers under § 544(a), obtained a default judgment invalidating the second mortgage that encumbered Plaintiff's residence because the mortgage was unperfected.  In short, the then-holder of the mortgage filed it in the wrong county.

Although there does not appear to have been any court-approved settlement with the trustee, the record of the base case suggests that after avoiding the mortgage, the Trustee received a few payments from the Debtors and ultimately closed the case without selling or otherwise disposing of the real estate.  During the hearing, Plaintiff's counsel suggested that his client may have reached an informal settlement with the trustee involving her refinancing of the avoided mortgage, though admittedly counsel did not offer any documentary evidence of an agreement.  In any event, the court assumes that the chapter 7 trustee perceived no benefit in administering the property through a sale or other transfer, perhaps given the existence of the first mortgage and the available exemption rights.

The record shows that the Trustee closed the case without disposing of the real estate, so the real estate, which the Plaintiff and her co-debtor husband listed on their schedules, devolved upon them under § 554(c).  The record also shows no effort by MERS or any other entity to seek relief under Rule 60 (applicable here through Rule 9024) from the court's earlier judgment avoiding the second mortgage.

Because the case was "closed" and not "dismissed," the court regards its earlier default judgment (avoiding the second mortgage) as still effective.  Moreover, though the Bankruptcy Code automatically preserved the avoided lien for the benefit of the estate under § 551 with respect to property of the estate, the property is no longer included in the estate because the Trustee effectively abandoned it to the Debtor when he closed the case without further administering it. *Compare* 11 U.S.C. § 350 (case closing) and 554(c) (deemed abandonment of unadministered,

scheduled property) *with* § 349(b)(1)(B) (dismissal reinstates avoided transfers). When the property ceased to be property of the estate, the avoided lien was no longer "preserved" under § 551, and the earlier default judgment (avoiding the lien) arguably holds sway.

Based on these assertions, the Plaintiff in the current adversary proceeding contends that she regained the property when the Trustee closed the bankruptcy case, free of the avoided lien formerly held by MERS. She seeks a declaration to that effect to assist her in refinancing the residence. The argument is certainly colorable and, by failing to answer the Complaint, MERS has waived any argument to the contrary.

The court has carefully reviewed the Complaint and the exhibits, and finds that the well-pleaded factual allegations, admitted by MERS's default under Rule 8(b)(6), establish the invalidity of the second mortgage MERS purports to hold. Accordingly, the Plaintiff is entitled to the declaratory relief she seeks.

With respect to the proposed money judgment, however, after the court expressed several concerns under Rule 54(c) and on the merits, Plaintiff's counsel in open court withdrew that aspect of the Complaint. Accordingly, the withdrawal on the record renders these concerns immaterial, and the court will not award any damages on account of the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Plaintiff's Motion for Entry of Default Judgment (ECF No. 19) is GRANTED as provided herein, and the Clerk shall enter judgment, declaratory in nature, in favor of the Plaintiff and consistent with this Memorandum of Decision and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jeffrey C. Alandt, Esq., the United States Trustee, and all persons requesting notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 28, 2023**



Scott W. Dales
United States Bankruptcy Judge